**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X

|  |  |
|---|---|
| In Re: | CHAPTER 7 |
| JOHN CLEMENTE, | Case No.: 08-10812 (MBK) |
| Debtor. |  |

---------------------------------------------------------X
LINDA CLEMENTE,

                              Plaintiff,

- against-

                                                                                      Ad. Pro. No. 09-2039 (MBK)

JOHN CLEMENTE,

                              Defendant.
---------------------------------------------------------X

APPEARANCES:

James G. Aaron, Esq.
Ansell Zaro Grimm & Aaron P.C.
1500 Lawrence Avenue
CN 7807
Ocean, NJ 07712
Attorneys for Plaintiff

Timothy P. Neumann, Esq.
Broege, Neumann, Fischer & Shaver, LLC
Old Squan Plaza
25 Abe Voorhees Drive
Manasquan, NJ 08736
Attorneys for Defendant

**MICHAEL B. KAPLAN, U.S.B.J.**

1

**MEMORANDUM DECISION**

## I. JURISDICTION

The court has jurisdiction over this contested matter under 28 U.S.C. § 1334(a) and 157(b) and the Standing Order of the United States District Court, dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief sought herein is 11 U.S.C. § 523(a)(15)[1]. The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[2]

## II. FACTS AND PROCEDURAL HISTORY

1. Prior to the filing of his petition, Debtor John Clemente ("Debtor") and his ex-spouse, Plaintiff Linda Clemente ("Plaintiff"), engaged in lengthy divorce proceedings in the Superior Court of New Jersey, wherein Plaintiff was awarded $2,374,183.00 in equitable distribution, $14,312.00 per month in permanent alimony, and child support in the amount of $387.00 per week. The Judgment for Divorce further provided that Debtor was responsible to pay $84,211.00 in counsel fees to Plaintiff's attorneys, Ansell Zaro Grimm & Aaron (the "Ansell Firm"), as well as $110,044.00 to Withum Smith & Brown, P.C. (the "Withum Firm") for accounting fees incurred by Plaintiff in connection with the

---

[1] Absent contrary indication, all "Code," chapter, and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 as amended by the Bankruptcy Abuse Prevention and Consumer Prevention Act of 2005 ("BAPCPA"), Pub. L. 109–08, 119 Stat. 23. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "FRCP" and "FRE" references are to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, respectively.

[2] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

divorce proceedings. In a comprehensive 154-page opinion issued on August 7, 2006, the Honorable Terence P. Flynn, J.S.C., characterized Debtor as having "demonstrated bad faith" throughout the divorce proceedings, and noted that "well over half of Plaintiff's legal fees have been unnecessarily consumed in an effort to counteract the [Debtor's] obstreperous behavior."

2. On January 17, 2008, Debtor filed a voluntary petition for bankruptcy pursuant to Chapter 11 of the Code.

3. Thereafter, Debtor obtained limited relief from the automatic stay of 11 U.S.C. § 362(a) to prosecute an appeal of the Superior Court decision. In a 39-page opinion issued on November 28, 2008, the Appellate Division affirmed the decision of the Superior Court, finding that all of Debtor's arguments on appeal lacked merit.

4. Debtor then moved for stay relief under § 362(a) to permit him to file a petition for certification with the Supreme Court of New Jersey. Plaintiff opposed both the motion for stay relief, and Debtor's petition for certification. In March of 2009, the Supreme Court denied Debtor's petition for certification and awarded costs to Plaintiff for her opposition of same.

5. Throughout the remainder of the bankruptcy proceedings, Plaintiff incurred significant legal fees in protecting her right to domestic support and ensuring that the Superior Court findings were upheld.

6. On Debtor's motion, and following the Court's appointment of a Chapter 11 trustee in Debtor's case, Debtor moved to convert his case to one under Chapter 7. By Order of June 3, and opinion of June 9, 2009, the Court granted Debtor's motion, and the case was converted to one under Chapter 7 of the Code.

7. Plaintiff filed an adversary complaint on July 14, 2009, seeking to declare the debts owing to her, the Ansell Firm and the Withum Firm to be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15). Additionally, pursuant to §523(a)(15), Plaintiff sought to declare nondischargeable an award of counsel fees for the amounts she expended in connection with the bankruptcy proceedings, which fee application would be filed at the conclusion of the proceedings. Debtor filed an answer on August 28, 2009.

8. During the course of the adversary proceeding, Debtor failed to comply with various discovery requests of Plaintiff, which resulted in the filing of two motions to strike Debtor's answer by Plaintiff, and numerous appearances by counsel.

9. On April 14, 2010, Plaintiff filed a motion for summary judgment.

10. Debtor filed a response on May 10, 2010, conceding that the debts owing to Plaintiff, the Ansell Firm and the Withum Firm were nondischargeable as support obligations under §§ 523(a)(5) and (a)(15), but objecting to an award of counsel fees to Plaintiff for fees incurred in connection with the bankruptcy proceedings.

11. The parties appeared at a hearing on May 17, 2010, where the Court granted Plaintiff's motion in part, reserving on the issue of nondischargeability of a future award of counsel fees expended by Plaintiff with respect to Debtor's bankruptcy case.

### III.    OPINION

Plaintiff seeks to declare nondischargeable pursuant to § 523(a)(15) a future award of counsel fees which she incurred throughout the bankruptcy proceedings in an effort to protect her rights to equitable distribution. In this regard, she argues that, because the counsel fees were incurred in connection with a divorce decree, the debts should be declared nondischargeable, subject to a fee application by her counsel. Debtor, however, argues that such an award of

4

attorney's fees would run contrary to the American Rule in federal courts, which provides that "a prevailing party cannot recover attorney's fees absent specific statutory authority, a contractual right, or certain special circumstances." In re Frazin, 413 B.R. 378, 400 (N.D. Tex. 2009). Therefore, rather than addressing the nondischargeability of such fees, the threshold issue is whether Plaintiff is entitled to an award of counsel fees for representation during the bankruptcy proceedings.

"Generally, under the 'American Rule,' which applies to litigation in the bankruptcy courts, a prevailing litigant may not collect attorney fees from his opponent unless authorized by federal statute or an enforceable contract between the parties." In re Wentland, 410 B.R. 585, 601 (Bankr. N.D. Ohio 2009). The rule is premised on the idea of "afford[ing] liberal access to the courts." In re S.S., 271 B.R. 240, 245 (Bankr. D.N.J. 2002). "Conditioning participation on the prospect of losing and paying the entire cost of litigation chills a litigant's rights." Id. Accordingly, under the American Rule, attorney fees "are not considered as an element of damages which a party suffers as a result of litigation." In re Nichols, 221 B.R. 275, 278 (Bankr. N.D. Okla. 1998).

Inasmuch as there is not an enforceable agreement between the parties regarding counsel fees incurred during the bankruptcy proceedings, Plaintiff, in order to prevail, must establish that such fees are allowed by a federal statute. There are three avenues for seeking an award of counsel fees in the bankruptcy court: an award of fees using the Court's equitable power under §

105; an award of fees under Fed. R. Bank. P. 7054; and attorney fees as a sanction under Fed. R. Bank. P. 9011.[3]

As to § 105, it is "within the bankruptcy court's inherent and equitable power to sanction a party for their bad faith conduct." Id. at 279. § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

When invoking their power to sanction under this section, "courts have generally found subjective bad faith and vexatious, wanton and oppressive conduct." In re Nichols, 221 B.R. at 280. Put differently, "the [c]ourt will not award attorneys' fees except in the most extreme of circumstances." Id. at 280, n.6.

The Court does not find that Debtor engaged in "vexatious, wanton and oppressive conduct" so as to warrant an award of attorney fees. Id. Although Debtor failed to comply with various discovery demands and was less-than forthcoming with his obligations as a debtor, his conduct failed to reach that which this Court finds sanctionable under § 105(a). For the same reasons, the Court declines to award attorney fees under Rule 7054. Fed. R. Bank. P. 7054 provides that "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." The Court does not find that Debtor's conduct has been so extreme as to overcome the American Rule.

---

[3] While other courts have discussed counsel fees as sanctions under Fed. R. Bank. P. 9011, see In re Nichols, 221 B.R. at 278, no request for such sanctions has been made in this case. Fed. R. Bank. P. 9011(c), provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that [the Rule] has been violated, the court may . . . impose an appropriate sanction . . . ." Because Rule 9011(c) requires notice and an opportunity for the offending party to respond prior to an award of sanctions, it is not an available avenue for sanctions in this case.

6

In her submission to the Court, Plaintiff relies upon In re MacDonald, 69 B.R. 259, 278 (Bankr. D.N.J. 1986), in support of her pursuit for a counsel fee award. In MacDonald, the Bankruptcy Court awarded counsel fees and costs to a prevailing non-debtor spouse for expenses she incurred in prosecuting her adversary complaint. In awarding such expenses, the Court held that "[i]t is well settled that legal fees and costs expended by a non-debtor spouse for enforcement of nondischargeable debts are similarly nondischargeable." Id. In 2002, another member of this Bankruptcy Court addressed the MacDonald holding in In re S.S., 271 B.R. at 247-48, which analyzed a similar application for attorney's fees:

> The [C]ourt in MacDonald attributed this proposition without explanation to In re Dorman, 1981 Bankr. LEXIS 5178, 3 Collier Bankr. Cas. 2d (MB) 497 (Bankr. D.N.J. 1981), and In re Romeo, 16 B.R. 531 (Bankr. D.N.J. 1981). Both Dorman, 3 Collier Bankr. Cas. 2d (MB) at 502, and Romeo, 16 B.R. at 537, simply state that counsel fees awarded in state court to enforce support awards are nondischargeable in bankruptcy. As the statement in MacDonald quoted above does not analyze the American Rule, this court will not rely on that decision as a basis for awarding counsel fees to the plaintiff for prosecuting the nondischargeability action.

This Court agrees with the Court in S.S., and likewise declines to follow MacDonald given the history of the American Rule in the federal system.

Simply put, "[a]side from the lack of Code authority, a bankruptcy court is simply not the proper court to make an award of attorney fees in this type of case." In re Colbert, 185 B.R. 247, 249 (Bankr. M.D. Tenn. 1995). "While the bankruptcy court determines whether an obligation imposed initially by the state court is dischargeable, the bankruptcy court is simply not authorized to award support in the first instance." Id.

7

> The inquiries contemplated by [In re Calhoun, 715 F.2d 1103, 1107 (6th Cir. 1983)] and § 523(a)(15) are simply to determine what portion of the award already made in state court is nondischargeable, not to award additional support or create new, nondischargeable debt.  If [the party seeking an award of fees] needs additional support due to the financial burdens of this litigation, she may seek modification of her divorce decree in the state court.
>
> Id. at 250.

## IV.    CONCLUSION

For the aforementioned reasons, the Court finds that there is no statutory provision that would entitle Plaintiff to an award of counsel fees.  Therefore, the issue as to the nondischargeability of such an award under § 523(a)(15) is moot.

Dated: July 13, 2010

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge